BLD-148                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4591
_____

SCOTT JOHN TRAVALINE;
LUCINDA ELIZABETH TRAVALINE;
SETH FRANCIS TRAVALINE

v.

US SUPREME COURT, ET AL

SCOTT JOHN TRAVALINE,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-01653)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 24, 2011
Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed April 13, 2011)
_____

OPINION
_____

PER CURIAM

Scott Travaline appeals from the District Court's order dismissing his second amended complaint. For the reasons that follow, we will summarily affirm the order of the District Court.

The District Court initially denied without prejudice Travaline's motion to proceed in forma pauperis ("IFP") because it was incomplete.[1] Travaline then filed a proper IFP motion and an amended complaint in which he was the only named plaintiff. In his amended complaint, Travaline listed eight defendants and simply stated "Civil Rights Violations under 1, 4, 5, 7, 8, 9, 14 Amendments." The District Court granted his IFP motion, but dismissed the amended complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and because it was incomprehensible. Travaline then filed a second amended complaint[2] and attached "forms for evidence." By order entered November 10, 2010, the District Court dismissed the second amended complaint. Travaline appeals and requests appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally exercise plenary review over a dismissal of a complaint for failure to state a claim. Allah v. Seiverling,

---

[1] Travaline also failed to list all defendants in the caption of the complaint. The complaint was not signed by co-plaintiffs, Lucinda Elizabeth Travaline and Seth Francis Travaline.

229 F.3d 220, 223 (3d Cir. 2000).  However, we review the district court's dismissal of a complaint for failure to comply with the rules of civil procedure for an abuse of discretion.  See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996).

Travaline's amended and second amended complaints fail to comply with basic pleading requirements.[3]  Additionally, they fail to state a claim for relief, to the extent claims can be discerned.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2),(3).  Each averment must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

Travaline's amended complaint simply states "Civil Rights Violations under 1, 4, 5, 7, 8, 9, 14 Amendments."  His amended complaint provides no basis for the alleged violations, as it does not state any factual allegations against the defendants.  Travaline also fails to request any form of relief.  The District Court thus did not abuse its discretion in dismissing the amended complaint for failure to comply with Rule 8.

---

[2] The second amended complaint named Travaline as the only plaintiff and listed the following defendants: Pennsylvania Supreme Court; Thomas Corbett; Judge Thomas Del Ricci; Flamm, Boroff, and Bacine; Jack Rounick; F. Emitt Fitzpatrick; Robert Rosenthal; Harc Group; Brooks, and Burns; Jay Marks; Pat Chichon; Risa Ferman; Gordon Maier; and Robin Travaline.

[3] Travaline's original complaint also failed to comply with basic pleading requirements, as the Federal Rules of Civil Procedure require that the title of the complaint name all the parties involved and be signed by a party personally if the party is unrepresented.  Fed. R. Civ. P. 10, 11.

Travaline's second amended complaint contains largely unintelligible ramblings. Travaline attached to the complaint two orders issued by the Pennsylvania Superior Court regarding his divorce proceedings, along with equally unintelligible pleadings filed in state court. The state court ordered the sale of the marital home during the process of the divorce proceedings and directed that Travaline pay his wife's counsel fees.[4] Construing his second amended complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), we believe Travaline alleges that the state court's orders were the result of conspiracy, collusion, perjury, and criminal fraud among the defendants, and that the sale of the marital property was a criminal trespass, a destruction of personal property, and a violation of the Fourteenth Amendment.

The District Court, however, did not err in dismissing Travaline's second amended complaint. Even if that complaint arguably met the requirements of Rule 8, it failed to state a plausible claim for relief. Although we believe we have deciphered the claims Travaline attempted to raise in his second amended complaint, we find, in the complaint, no factual basis for the claims. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (factual allegations must allow the court to reasonably infer defendants are liable for the alleged misconduct); see also Fuentes v. South Hills Cardiology, 946 F.2d 196, 201-02 (3d Cir. 1991) (general allegation of conspiracy without a statement of the facts is insufficient to constitute a

---

[4] It is unclear whether the divorce has been finalized.

cause of action). Dismissal of the complaint without affording leave to amend was appropriate. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (district court must extend the plaintiff an opportunity to amend before dismissing a complaint, unless amendment would be inequitable or futile).

After reviewing the pleadings, we conclude that the District Court did not abuse its discretion or otherwise err in dismissing Travaline's complaints. Accordingly, we will affirm the District Court's judgment. We also deny Travaline's motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).