ALD-239                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3961
_____

SCOTT J. TRAVALINE,
                                        Appellant

v.

ROBIN B. TRAVALINE; ROBERT ROSINTHAL & HARC GROUP;
MONTGOMERY COUNTY COURT OF COMMON PLEAS;
PENNSYLVANIA SUPERIOR COURT;
SUPREME COURT PENNSYLVANIA; JOHN ROUNICK
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-06083)
District Judge:  Honorable Michael M. Baylson
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 28, 2016
Before: AMBRO, SHWARTZ, and NYGAARD, Circuit Judges

(Opinion filed: May 5, 2016)
_____

OPINION
_____

PER CURIAM

        Scott J. Travaline appeals from the District Court's order dismissing his

complaint.  We will affirm.

The civil action at issue here is the second that Travaline has brought arising from his divorce proceeding in Pennsylvania state court. In Travaline's first action, he appeared to challenge the court-ordered sale of the marital home. The District Court dismissed his complaint, and we affirmed. See Travaline v. U.S. Supreme Ct., 424 F. App'x 78, 80 (3d Cir. 2011).

In this action, Travaline appears to challenge the state courts' handling of his appeals regarding property allegedly taken by a court conservator. For relief, he requested that the District Court "take jurisdiction" from the Pennsylvania Court of Common Pleas for Montgomery County and award him certain property allegedly at issue in the divorce proceeding and related appeals. Travaline named as defendants the Common Pleas Court and the Pennsylvania Superior and Supreme Courts, along with the court conservator, Travaline's former wife, and her attorney.

The District Court reviewed Travaline's complaint under 28 U.S.C. § 1915(e)(2)(b) and dismissed it with prejudice as to the state courts for failure to state a claim. As to the individual defendants, however, the District Court dismissed the complaint without prejudice and granted Travaline leave to amend. He appeals.

Although the District Court's dismissal was without prejudice as to the individual defendants, Travaline states on appeal that he has "no intention of amending" because he wants to challenge the District Court's dismissal as to the state courts. Thus, we have jurisdiction under 28 U.S.C. § 1291 because Travaline has chosen to stand on his complaint. See Hagan v. Rogers, 570 F.3d 146, 151 (3d Cir. 2009). We exercise plenary review over the dismissal of a complaint for failure to state a claim. See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court concluded that Travaline's claims against the state courts are barred because those courts are not "persons" for purposes of liability under 42 U.S.C. § 1983 and because, as instrumentalities of the Commonwealth of Pennsylvania, they are entitled to Eleventh Amendment immunity. See Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 239-41 (3d Cir. 2005). Those conclusions are correct, and there is no arguable basis to challenge them. There also is no arguable basis for Travaline's claim that the District Court should "take jurisdiction" from the state courts over this state-court matrimonial litigation to correct the state courts' alleged errors. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).

The only issue warranting brief discussion is Travaline's assertion on appeal that the District Judge should have recused himself because his prior ruling against Travaline reveals bias. Travaline did not raise any objection to the assignment of this case in the District Court. In any event, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Travaline raises nothing suggesting that this case might present an exception, and we see no basis to conclude that it does.

For these reasons, we will affirm the judgment of the District Court.